UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA DAVID GAUNT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-496-JD-JEM |
| ALLEN CO. JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Joshua David Gaunt, a prisoner without a lawyer, filed a complaint against six defendants alleging he was assigned to a top bunk in his cell despite having a seizure disorder, he had a seizure and fell from the top bunk, and he received objectively unreasonable medical care after his fall. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The events in this case occurred while Gaunt was housed at the Allen County Jail. ECF 1. He alleges that, when he was initially booked into the jail, he informed the

staff he had seizures.[1] *Id*. at 2. Gaunt met with medical staff[2] who told him he would continue with his seizure medication and would be assigned to sleep on either the floor or bottom bunk in his cell. *Id*.

On December 24, 2023, Gaunt submitted a medical request, using his tablet, in which he noted he had seizures and took medicine for them, but despite his condition, he was still assigned to sleep on the top bunk in his cell. *Id*. at 2; ECF 1-1 at 1. He also indicated that medical staff[3] told him he would be assigned to the bottom bunk to accommodate his seizures, but that had not happened. *Id*. at 2.

About three weeks later, on January 17, 2024, Gaunt submitted another medical request because, between noon and 2:00 p.m. that day, he had a seizure and fell out of the top bunk in his cell. *Id*. at 2; ECF 1-1 at 4. When he fell, Gaunt hit the left side of his face and jaw, causing him to crack a tooth and bleed. *Id*. at 2. He had a large bump on his head and his body was sore. *Id*. at 3. Gaunt's cellmate told Officer Litten that Gaunt needed medical attention but Officer Litten would not help him.[4] *Id*. at 2.

That same day on January 17, at about 7:00 p.m., Gaunt was given his seizure medicine.[5] *Id*. at 3. He also reported to medical staff[6] that he needed help with his pain.

---

[1] Gaunt does not say when he entered the Allen County Jail.

[2] The complaint does not indicate who Gaunt met with or who told him he would receive medication and a bottom bunk or that he could sleep on the floor of his cell.

[3] Again, Gaunt does not say who gave him this information.

[4] Gaunt has not named Officer Litten as a defendant in this case.

[5] It is unclear if Gaunt had been getting his seizure medication prior to this date.

[6] The complaint does not indicate who Gaunt told about his injuries.

*Id*. At about 8:52 p.m., medical staff[7] sent Gault a message stating they were looking into his medical concerns. *Id*. The next day, on January 18, 2024, Gaunt submitted another medical request stating the left side of his head and teeth hurt. *Id*. Kamarri Powers-Tate responded to his request by telling him he would be placed on sick call. *Id*. On February 2, 2024, Gaunt received a message from Joshua Thomas, who indicated his medical issues would be addressed as soon as possible. *Id*.

In sum, Gaunt asserts he submitted a number of medical requests to sergeants, lieutenants, and medical staff at the Allen County Jail, but his medical issues were never resolved. *Id*. He also filed grievances, but could not obtain the medical care he needed for his injuries. *Id*. Gaunt states he ultimately had surgery and lost a tooth because of the lack of medical care. *Id*. He seeks $6 million in monetary damages. *Id*. at 4.

Because Gaunt was a pretrial detainee when the events occurred in this case, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the

---

[7] This individual has likewise not been identified.

3

[plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Gaunt initially sues the Allen County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the Allen County Jail is not a suable entity, Gaunt may not proceed here.

Gaunt next sues Allen County Jail staff Kamarri Powers-Tate, Joshua Thomas, Nicholas Bade, and Morgan McMahan because they responded to his requests for medical care. However, other than simply asserting that these defendants responded to his medical requests, he has not described the events in this case in such a way as to allow the court to ascertain what each of these defendants did to violate his rights. In other words, Gaunt has not described how each defendant was personally involved in his medical care or decisions regarding his medical care. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Accordingly, Gaunt's allegations in this case are too vague and lacking in necessary detail to state claims.

4

As a final matter, Gaunt has also sued Tommy Wacasey. While unclear from the complaint, Wacasey appears to be Allen County Jail's grievance specialist. Here, Gaunt asserts Wacasey closed his grievances without resolving his medical issues. ECF 1 at 3. However, he has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, Gaunt may not proceed against Wacasey.

The complaint is short on facts, dates, and specifics about the medical treatment Gaunt received at the Allen County Jail. Based on what it does say, it is not plausible to infer that he received objectively unreasonable medical care following his January 17, 2024, seizure. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in

5

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Gaunt believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Joshua David Gaunt until **October 31, 2025**, to file an amended complaint; and

(2) CAUTIONS Joshua David Gaunt that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 3, 2025

                                                          s/ JON E. DEGUILIO
                                                          JUDGE
                                                          UNITED STATES DISTRICT COURT